NO. 07-03-0429-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 1, 2005


______________________________



GUADALUPE MATA, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B14,770-0301; HON. ED SELF, PRESIDING


_______________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Appellant Guadalupe Mata appeals her conviction for theft by challenging the legal
and factual sufficiency of the evidence. We affirm the judgment of the trial court.

 Background

 On September 25, 2002, around 11:00 p.m., appellant came to the back door of the
residence of J. W. West and asked for a glass of water. West had known appellant since
the 1970's, and she had cleaned house for him and helped him do some roofing in the past. 
She entered the house, and West told her she could have a drink. He heard her fill a glass,
turned away from the sink, and began to return to the living room. At that point, West felt
a tap on the back pocket of his coveralls and, upon checking his pocket, he discovered his
wallet missing. He then told appellant to return it. She denied having the item, but when
West told her he would call the police and began to do so, appellant grabbed the phone
and jerked it out of the wall. At that point, West noticed his wallet laying in front of
appellant's feet, as if it had slipped down the leg of her sweat pants. When West went to
use another phone, appellant left the house. 

 Sufficiency of the Evidence

 The standards by which we review legal and factual sufficiency are well established. 
We refer the parties to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979), Sims v. State, 99 S.W.3d 600 (Tex. Crim. App. 2003), Zuliani v. State, 97 S.W.3d
589 (Tex. Crim. App. 2003), and King v. State, 29 S.W.3d 556 (Tex. Crim. App. 2000) for
an explanation of them. 

 Next, a person commits the offense of theft if he unlawfully appropriates property
with the intent to deprive the owner of it. Tex. Pen. Code Ann. §31.03(a) (Vernon Supp.
2004-05). Furthermore, appropriation is unlawful if it is without the owner's effective
consent. Id. §31.03(b)(1). Here, appellant argues that the evidence was insufficient to
support the verdict because no evidence illustrated how the wallet got from West's pocket
to the floor. We overrule the point. 

 It is not necessary that each bit of circumstantial evidence by itself directly and
independently prove guilt; instead, what is needed is that the cumulative force of all the
circumstances establish guilt. Beardsley v. State, 738 S.W.2d 681, 685 (Tex. Crim. App.
1987); Ortiz v. State, 930 S.W.2d 849, 852 (Tex. App.-Tyler 1996, no pet.). Additionally,
an accused's presence at the scene of a crime and flight therefrom are two circumstances
indicative of guilt, even though they might not alone be sufficient to sustain a conviction. 
Livingston v. State, 739 S.W.2d 311, 330 (Tex. Crim. App. 1987). 

 At bar, West testified that appellant had to climb over his back fence to come ask
him for a drink of water, and that there were only two persons present at the time of the
alleged offense. Furthermore, he felt a "tap" or "push" at his back pocket as he was
walking away from appellant, checked the pocket, found the wallet missing, and asked for
its return. So too was he certain that the item had not simply fallen out because it never
had before. Moreover, when confronted by West and upon his representation that he
intended to call the police, appellant grabbed the phone and pulled it out of the wall. At that
point, West saw his wallet laying at appellant's feet as if it had fallen down and through the
leg of her sweat pants. (1) When West left the room to use another telephone, appellant left. 

 Appellant was the only other person in the room with West. This evidence coupled
with the evidence of the touching sensation felt by West as he went past her, her actions
after West told her that he intended to call the police, the discovery of the wallet at her feet
after jerking the phone from the wall, and her flight when West left to call the police are
enough to reasonably create an inference of guilt. And, while appellant's mother and sister
testified that appellant was at a birthday party until sometime between 10:00 p.m. and
11:00 p.m. that night, the credibility of those witnesses and West was for the jury to decide. 
So, to the extent it believed his testimony, which it obviously did, the evidence indeed is
sufficient for a rational trier of fact to find beyond a reasonable doubt that appellant
unlawfully appropriated the wallet by acquiring it with intent to deprive West of the item and
that finding is not manifestly unjust. 

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn

 Justice 

 

Do not publish.

 

 

 

 
1. West did state that he at no time actually saw appellant holding the wallet. Rather, it appeared to
him that the item had slipped through her pant leg onto the floor next to her feet.



at request for proposal but also stated that they were to control over any conflict with the
terms of the lease. Next, a manufacturer's certification submitted apparently as part of the
RFP contained the following representation:

 "The purpose of this letter is to inform you that Amarillo Office
Machines . . . a branch dealer of Hogland Office Equipment Lubbock Tx [sic]
is bidding as an authorized Royal Copystar Dealer in good standing. 
Additionally, Amarillo Office Machines is authorized to submit a proposal on
such equipment." 

These indicia pretermit us from concluding, as a matter of law, that Amarillo was not a
party to the lease. 

 Third, a trial court must normally afford a plaintiff opportunity to amend his live
pleading before dismissing for jurisdictional defects, City of Lubbock v. Rule, 68 S.W.3d
at 861, assuming of course a basis of jurisdiction can be alleged. See Texas Dept. Parks
& Wildlife v. Miranda, 133 S.W.3d at 226 (recognizing that leave to amend should be
granted so long as the pleadings do not affirmatively demonstrate incurable defects in
jurisdiction). Here, there appears evidence of record indicating that Amarillo and Hogland
combined to provide CISD the needed copiers and services. Indeed, the lease agreement
executed by CISD expressly named both Hogland and Amarillo as the lessors. In so
combining, it may be that the combination of Hogland and Amarillo gave rise to a de facto
partnership for this one transaction. And, if that occurred, then Amarillo, as a partner,
would be entitled to enforce the contract signed by Hogland for the partnership. See Chien
v. Chen, 759 S.W.2d 484, 489 (Tex. App.-Austin 1988, no writ). At the very least, we
cannot say that the record before us indicates that Amarillo cannot amend its live pleading
to allege facts sufficient to give it standing to enforce the lease. (1)

 Accordingly, we reverse the trial court's order of dismissal and remand the cause.


 Brian Quinn

 Chief Justice 
1. We do not suggest that there was a partnership between Amarillo and Hogland. The circumstance
is mentioned only as illustration showing why we cannot say that Amarillo is unable to allege facts sufficient
to avoid jurisdictional impediment.